IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL E HAYES, | HONORABLE JEROME B. SIMANDLE |
|        Petitioner, | |
|    v. | Civil Action<br>No. 17-13364 (JBS) |
| WILLIE BONDS, et al., | |
|        Respondents. | **MEMORANDUM OPINION** |

**SIMANDLE, U.S. District Judge:**

   Before the Court is Petitioner Michael Hayes' amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Docket Entry 4.

   1.  Petitioner, a state-sentenced inmate incarcerated at South Woods State Prison, filed an application for writ of habeas corpus under 28 U.S.C. § 2254, on December 20, 2017. Petition, Docket Entry 1.

   2.  By Order dated January 3, 2018, this Court administratively terminated the petition for failure to use the form provided by the Clerk for § 2254 petitions. Order, Docket Entry 2.

   3.  Petitioner submitted an amended petition for habeas corpus, which was inadvertently given a new civil action number. The Court ordered the Clerk's Office to reopen this matter to preserve Petitioner's original filing date and to docket the

amended petition as a new docket entry. January 24, 2018 Order, Docket Entry 3. The inadvertently-opened civil action was closed.

4. The Court denied the *in forma pauperis* application and administratively terminated the amended petition.

5. The Clerk reopened the matter for the Court's consideration on April 2, 2018 after Petitioner paid the filing fee.

6. Section 2254(a) of Title 28 provides in relevant part:

> (a) [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

7. Habeas Rule 4 requires the assigned judge to *sua sponte* dismiss a habeas petition or application without ordering a responsive pleading under certain circumstances:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner...

28 U.S.C. § 2254 Rule 4.

8. Habeas Rule 2 provides in relevant part:

(c) Form. The petition must:

> (1) specify all the grounds for relief available to the petitioner;
>
> (2) state the facts supporting each ground;
>
> (3) state the relief requested;
>
> (4) be printed, typewritten, or legibly handwritten; and
>
> (5) be signed under penalty of perjury ...

28 U.S.C. § 2254 Rule 2(c).

9. The Supreme Court explained the habeas pleading requirements as follows:

> Under Rule 8(a), applicable to ordinary civil proceedings, a complaint need only provide "fair notice of what the plaintiff's claim is, and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Habeas Rule 2(c) is more demanding. It provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." *See also* Advisory Committee's note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts. [But] it is the relationship of the facts to the claim asserted that is important...."); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted))....
>
> A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243. Under Habeas Corpus Rule 4, if "it plainly appears from the petition ... that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading.

*Mayle v. Felix*, 545 U.S. 644, 655 (2005).

3

10. "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). The United States Court of Appeals for the Third Circuit has found summary dismissal without the filing of an answer warranted where none of the grounds alleged in the petition would entitle the petitioner to habeas relief, *see United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000), or the petition contains vague and conclusory allegations, *see United States v. Dawson*, 857 F.2d 923, 928 (3d Cir. 1988).

11. Petitioner raises three grounds for relief. The first ground reads: "Denying evidentiary hearing, ineffective assistance of counsel arising out of entry of guilty pleas."

12. Ground Two reads in its entirety: "Trial court misrepresentation regarding bail revocation which resulted in involuntary guilty pleas constituted ineffective assistance of counsel."

13. Ground Three states: "[Illegible] counsels failure to provide the court with certification of Defendants witness trial counsel and grandfather in support of his motion to withdraw pleas."

14. Petitioner's assertions of errors by trial counsel and the trial court are too vague to proceed as pled. The amended

petition presently before this Court will therefore be dismissed, pursuant to Habeas Rules 2 and 4, without prejudice, as Petitioner has failed to plead with particularity the facts supporting his claims of constitutional error, as required by Rule 2(c)(2); *see also* Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471.

15. Petitioner appears to be raising claims of ineffective assistance of counsel. Generally, a claim for ineffective assistance of counsel requires demonstrating two prongs: first, that counsel's performance failed to meet the minimum level of reasonableness required by the circumstances, and second, that the deficiency mattered, that is, that the outcome would have been different but for counsel's inadequacy. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In connection with a guilty plea, Petitioner must ultimately show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

16. Here, Petitioner has not supplied any factual basis for either required prong to be met because he has not provided the Court with the specific facts of what trial counsel did or did not do that rendered counsel's performance ineffective, *e.g.*, the specific alleged misrepresentation regarding bail

5

revocation or the significance of Petitioner's grandfather to Petitioner's motion to withdraw his guilty plea.

17. The dismissal of the amended petition is without prejudice to the filing of a second amended petition which complies with the aforesaid pleading requirements and is on the form provided by the Clerk.

18. The second amended petition must provide *specific* facts that support Petitioner's claims for relief.

19. A certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) is denied because jurists of reason would not find it debatable that dismissal of the amended petition is correct. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

20. An appropriate Order accompanies this

21. Opinion.

**July 3, 2018**                     **s/ Jerome B. Simandle**
Date                                 JEROME B. SIMANDLE
                                     U.S. District Judge